IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DINO IACULLO, | ) | |
| Reg. No. 30812-004, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:13-CV-523-WHA |
| | ) | |
| DENNIS STAMPER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This case is before the court on a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Dino Iacullo ("Iacullo"), a federal inmate incarcerated at the Maxwell Federal Prison Camp at the time he filed this petition.  The respondents filed responses addressing the claims for relief presented by Iacullo, and Iacullo submitted replies in support of his petition.  Upon review of the petition, the responses filed by the respondents, and the replies filed by the petitioner, the court concludes that Iacullo's 28 U.S.C. § 2241 petition for writ of habeas corpus is due to be dismissed.

### II.  STATEMENT OF THE CASE

In 1995, a federal grand jury empaneled by the United States District Court for the Southern District of Florida indicted Iacullo for his role in a conspiracy to distribute cocaine.[1]  A jury found Iacullo guilty of conspiracy to possess with intent to distribute cocaine and of attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On July 21, 1996,

---

[1] The grand jury issued a two-count indictment charging that Iacullo conspired to possess with intent to distribute and attempted to possess with intent to distribute a detectable amount of cocaine.

the court sentenced Iacullo to 293 months' imprisonment to run concurrently on each conviction, followed by five years of supervised release. Doc. 17-1 at 1–3.  Iacullo filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentence. *See United States v. Iacullo*, 142 F.3d 1282 (11th Cir. 1998); Doc. 17-2 at 5–12.  Iacullo did not petition the United States Supreme Court for review of these convictions.  Under applicable law, a conviction becomes final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for [filing] a petition for certiorari elapsed or a petition for certiorari [is] finally denied." *Griffith v. Kentucky,* 479 U.S. 314, 321 n.6 (1987); *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002).  "The period in which a petition for certiorari must be filed ordinarily ends ninety (90) days after the entry of judgment." *Dodd v. United States*, 365 F.3d 1273, 1275 n.1 (11th Cir. 2004).  Thus, Iacullo's convictions became final on or about July 21, 1998, after the ninety-day period for filing a petition for writ of certiorari with the United States Supreme Court had expired.

Beginning in June of 1999, Iacullo filed four 28 U.S.C. § 2255 motions in the United States District Court for the Southern District of Florida.  That court dismissed the first two such motions without prejudice upon motions filed by Iacullo.  The third § 2255 motion was "dismissed as time-barred[,]" Doc. 1 at 4, while the court dismissed the fourth § 2255 motion because Iacullo lacked authorization from the Eleventh Circuit to file a successive motion, *see* 28 U.S.C. § 2244(b)(3), and, in the alternative, as untimely. Doc. 17-4 at 4–5.[2]  In October of 2014, Iacullo filed a motion

---

[2] Although Iacullo argues that the court's dismissal of this third § 2255 motion as untimely did not constitute a decision on the merits, his argument is undercut by an opinion of this court. *See Harris v. United States*, 2013 WL 1154226 (M.D. Ala. Feb. 13, 2013), *adopted*, 2013 WL 1154216 (M.D. Ala. Mar. 19, 2013).  As stated in *Harris*:

> For purposes of AEDPA's successive-motion rules, the dismissal of an initial § 2255 as untimely "counts" and renders a subsequent § 2255 motion "successive." *See Villanueva v. United States*, 346 F.3d 55, 59–61 (2nd Cir. 2003) (holding "that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (holding "that a prior untimely

2

for reduction of sentence under 18 U.S.C. § 3582(c)(2) after the United States Sentencing Commission adopted a 2014 amendment to the sentencing guidelines that reduced offense levels for certain drug offenses. *See United States v. Iacullo*, 631 F. App'x 854 (11th Cir. 2015).  The United States District Court for the Southern District of Florida denied the motion and the Eleventh Circuit affirmed this denial.  The appellate court's opinion, in relevant part, reads as follows:

> Under the 1995 Sentencing Guidelines, Iacullo was assigned a base offense level of 38 and a criminal history category of I. This established a guideline range of 235 to 293 months' imprisonment.
>
> In addition to describing the crimes of conviction, which arose out of a conspiracy to transport approximately 400 kilograms of cocaine from Florida to New York, the presentence investigation report ("PSR") states that Iacullo had been involved in other drug-trafficking activity. For example, the PSR states that Iacullo had been involved on at least three occasions in February and May of 1992 in "other successful transactions of cocaine" involving "[s]everal hundreds of kilograms of cocaine . . . in each transaction." PSR ¶ 24. Iacullo did not object to this paragraph in the PSR.
>
> The district court adopted the factual findings and guideline computation of the PSR and sentenced Iacullo to a total term of 293 months' imprisonment. The court found that a sentence at the high end of the guideline range was appropriate "given Mr. Iacullo's prior significant involvement in drug trafficking activities." The court also noted that it would have imposed a longer sentence based on Iacullo's trial testimony had his guideline range been higher.
>
> In 2014, the Sentencing Commission issued Amendment 782, which reduced the offense level for certain drug-trafficking offenses, including Iacullo's, by two levels. U.S.S.G. App. C, amend. 782. In October of that year, Iacullo, proceeding pro se, filed a motion to reduce his sentence under § 3582(c)(2) based on Amendment 782 and U.S.S.G. § 1B1.10.  He asserted that Amendment 782 reduced his base offense level from 38 to 36. In support of his request for an amended sentence of 240 months' imprisonment, he cited his extensive post-offense rehabilitation, supported by attached documentation, including his completion of over 600 hours of various life-skills coursework while incarcerated. The government did not respond.

---

petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims").
2013 WL 1154226, at *1.

The district court denied Iacullo's § 3582(c)(2) motion in a single-page order. After stating that it had "carefully reviewed" the motion and "the entire court file," the court explained its reasoning as follows:

> According to Paragraph 24 of the Revised Presentence Investigation Report (PSR), to which Defendant Dino Iacullo did not object, Defendant was allegedly involved in other successful transactions involving cocaine. Several hundred kilograms of cocaine were involved in each transaction that took place on at least three occasions, during the months of February and May, 1992.
>
> Based on the Defendant's prior drug activity, the Court, exercising its discretion, will deny the Defendant's request.

> Iacullo moved for reconsideration of the court's order, explaining that he had been indicted separately for the conduct in paragraph 24 and sentenced to a concurrent term of 235 months' imprisonment. He again emphasized that he had strived to better himself during the time he had been in prison and that he had provided assistance to the government with its drug investigations. The district court denied the motion for reconsideration without explanation.

*Iacullo*, 631 F. App'x. at 855–56.  In affirming this decision, the Eleventh Circuit noted that although "Iacullo was eligible for a sentence reduction . . . [t]he district court did not abuse its discretion in denying Iacullo's § 3582(c)(2) motion[,]" due solely to "his 'prior drug activity.'" *Id*. at 857.

### III.  CLAIMS AND ARGUMENTS

Iacullo filed this 28 U.S.C. § 2241 petition in July of 2013.  In this petition, Iacullo challenges the constitutionality of the 293-month sentence imposed upon him by United States District Court for the Southern District of Florida for the conspiracy to possess and attempted possession of cocaine convictions.  Specifically, Iacullo alleges that this sentence was improperly enhanced beyond the maximum authorized by law in violation of *Alleyne v. United States*, 133 S.

Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[3]  Doc. 1 at 5-9.  In support of this allegation, Iacullo asserts that *Alleyne* and *Apprendi* establish he is actually innocent of the 293-month sentence because he was never indicted, convicted or found guilty beyond a reasonable doubt of the conduct or drug quantities on which the sentence is based. Doc. 1 at 8–9.  Iacullo therefore argues that the trial court had no authority to enhance his sentence based on elements neither stated in the indictment nor proven beyond a reasonable doubt, and a fundamental defect occurred at sentencing and Eleventh Circuit precedent foreclosed his claims in prior post-conviction actions such that he should be allowed to proceed on a 28 U.S.C. § 2241 petition under the "savings clause" set forth in § 2255(e).

The respondents filed responses in opposition to Iacullo's habeas petition in which they argue that Iacullo has failed to meet his burden of showing that the remedy available to him under § 2255 is "inadequate or ineffective" as required by § 2255(e), and therefore he may not proceed before this court on the current 28 U.S.C. § 2241 petition. Doc. 14 at 3–5; Doc. 17 at 2–5; Doc. 36 at 5; Doc. 46 at 6.  Iacullo filed responses to each of the briefs filed by the respondents.  In these responses, Iacullo argues that his challenge to the excessive nature of the 293-month sentence meets the narrow exception provided by the savings clause and permits review of his claim in a § 2241 habeas petition.  Iacullo cites numerous cases, including *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253 (11th Cir. 2013), and *Begay v. United States*, 553 U.S. 137 (2008), in support of this argument.  The respondents, however, maintain that Iacullo's reliance on these and other cases is misplaced:

---

[3] *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 530 U.S. at 490.  In *Alleyne*, the Supreme Court extended *Apprendi* and held "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury [and proved beyond a reasonable doubt]." 133 S. Ct. at 2151.

The essence of Petitioner's claim is his current 293 month sentence . . . is illegal because it exceeds the statutory maximum term of 240 months imprisonment allowed under 28 U.S.C. § 841(b)(1)(C).  Petitioner asks this Court to apply the changes of law announced in *Begay* . . . and *Bryant* . . . , to the facts of his case.  In *Begay*, the Court limited the meaning of "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. §924(e). 553 U.S. at 142–43, 128 S.Ct. 1584–85.

In *Bryant*, the court stated, "[w]e now hold that the new rule announced in *Begay* applies retroactively for purposes of a first § 2255 motion and the § 2241 petition Bryant seeks to bring under *§ 2255(e)*." *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1277 (11th Cir. 2013) (emphasis not in original). Regarding retroactivity for purposes of § 2255(h), which govern second or successive § 2255 motions, the Court stated, "[t]o qualify as a retroactive 'new rule of constitutional law' under § 2255(h), 'the Supreme Court itself must make the rule retroactive.'" *Bryant*, 738 F.3d at 1278, quoting, *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir. 2005).

The Eleventh Circuit Court of Appeals has interpreted the exception in §2255(e), the "savings clause," to apply when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the trial, appeal, or first § 2255 motion. *Darby v. Hawk-Sawyer*, 405 F.3d 942, at 45 (11th Cir. 2005) (per curiam); *Sawyer v. Holder*, 326 F.3d 1363 at 1365 (11th Cir. 2003) and *Wofford v. Scott*, 177 F.3d 1236 at 1244 (11th Cir. 1999). Subsequent to these decisions the 11th Circuit held that a sentencing claim involving the statutory maximum may pass muster under the savings clause if the claim is based on a retroactively applicable Supreme Court decision and the decision overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it in the trial court, on direct appeal, or in his first § 2255 motion.  *Williams v. Warden*, 713 F.3d 1332, 1343 (11th Cir. 2013). The petitioner bears the burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir.), *cert. denied*, No. 12-10422, --- U.S. ---, 133 S.Ct. 2873, 186 L.Ed.2d 923 (U.S. June 24, 2013).

**A)    Petitioner's claim is not governed by *Begay*.**

Petitioner's current term of imprisonment is based upon his convictions for violations of 21 U.S.C. §§ 846 and 841, that is, conspiracy to possess with intent to distribute a controlled substance, to wit, cocaine (§ 846) and possession with intent to distribute a controlled substance, to wit, cocaine (§ 841). *See*, doc. #14, Exhibit 1. Petitioner asserts that since the jury did not determine the amount of controlled substances for which he should be held accountable, his sentence should be capped at the 20 year maximum sentence provided for in 21 U.S.C. § 841(b)(1)(C).  There is no evidence, nor has Petitioner suggested, that his counts of conviction and or his sentencing computations were . . . in any way the result of any application of any provisions of the Armed Career Criminal Act (ACCA) with which *Begay* was exclusively involved.

### B) Petitioner's sentence and its review are controlled by *Apprendi*.

At its core, Petitioner's argument that a jury did not determine the drug quantities [or his significant involvement in other drug trafficking activities] underlying his sentence is based on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* established that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362-63. Subsequently, the 11th Circuit held that in light of *Apprendi*, it is constitutional error to increase a defendant's sentence based on drug quantity beyond the 20-year statutory maximum in 21 U.S.C.§ 841(b)(1)(C) unless it is submitted to a jury and proven beyond a reasonable doubt. *United States v. Sanchez*, 269 F.3d 1250, 1270 (11th Cir.2001) (en banc). Unlike *Begay*, . . . the 11th Circuit has held that the *Apprendi* rule does not apply retroactively to cases on collateral review. *See Dohrmann v. United States*, 442 F.3d 1279, 1281-82 (11th Cir.2006); ("We agree with the holdings of our sister circuits and adopt their reasoning in holding that *Apprendi* does not apply retroactively in the context of a 28 U.S.C. § 2241 petition."); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir.2001) ("[W]e hold that the new constitutional rule of criminal procedure announced in *Apprendi* does not apply retroactively on collateral review.").

. . . Petitioner's claim, seemingly like *Begay*, as he is serving a sentence allegedly beyond a statutory maximum, is not a *Begay* claim in that it does not involve the application of the ACCA. Rather it is an *Apprendi* claim, one that is not subject to retroactive review. For this reason alone, Petitioner cannot demonstrate the applicability of § 2255(e)'s "saving clause" to his cause.

Doc. 36 at 2–5.

In response to an order requiring a response to Iacullo's assertion that in other similar cases the United States has conceded sentences identical to his sentence are illegal, constitute a miscarriage of justice and are subject to correction, the respondents argue that:

Petitioner has not identified one case directly on both legal and factual "all fours" with his case or even one that is similar in either aspect. Rather he alludes to cases which are dissimilar, both in fact and at law, and quotes general legal principles, while obfuscating the crucial differences between the cited cases and his own. Petitioner then posits that these cases and their holdings entitle him to relief.

In each case cited by Petitioner there was an underlying prior conviction that had been used to enhance the sentence which was subsequently invalidated or found to otherwise be inappropriate for sentencing purposes. *See Jeffries v. U.S.*, 2014 WL 286513, 5 . . . (W.D.N.C., 2014) ("Government agreed that Petitioner should receive sentencing relief based on his claim that his sentence was improperly enhanced under 21 U.S.C. §§ 841(b)(1)(C) and 851," due to 4th Circuit of Appeals

determination that prior state court drug conviction was not a drug felony for § 851 purposes.); *Orso v. U.S.*, 452 Fed.Appx. 912, 913, 2012 WL 130187, 1 (C.A.11 Fla.[] (11th Cir. 2012) (The crux of Orso's argument is that decisions rendered after his 2005 resentencing as a career offender now make it clear that one of the two predicate offenses used to support the career-offender enhancement—fleeing or attempting to elude police—no longer qualifies as a violent felony . . . [t]he Government concedes that under recent decisions Orso had only one qualifying conviction and would no longer qualify for an enhanced sentence under the career-offender guideline.); *Gilbert, v. U.S.*, 2009 WL 6869477 (brief of the United States) ("the United States has conceded that *Begay* and *Archer* worked a substantive change in the law . . . [t]he United States has conceded further that, when a defendant has been sentenced pursuant to the ACCA and has been subjected to an increase to his maximum statutory sentence and to his mandatory minimum sentence based on a prior conviction that no longer constitutes an offense, the defendant can make a substantial showing that he has suffered a violation of his right to due process, . . . these concessions do not establish that Gilbert is entitled to relief because Gilbert was not sentenced pursuant to the ACCA and did not face an increased statutory maximum or mandatory minimum sentence based on a prior conviction that no longer constitutes an offense"); *Chaplin v. Hickey*, 2012 WL 488705 (11th Cir. 2012) (Defendant alleged he was wrongly sentenced under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), because of an escape conviction that *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), and *Chambers v. United States*, 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009), made clear [was] not a "violent felony" within the meaning of 18 U.S.C. §924(e)(2)(B), and that as a result of the error he was sentenced to a term of imprisonment beyond the statutory maximum applicable to his crime); *Brye v. Haynes*, 2013 WL 443668 (S.D.Ga.,2013) (defendant convicted of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and of being an armed career criminal, in violation of 18 U.S.C. § 924(e), or the Armed Career Criminal Act ["ACCA"]); *Foote v. U.S.*, WL 5355543, 3 (M.D.N.C., 2013) ("Petitioner's remaining claim, which is his primary claim in this case, is that he should not have been sentenced as a career offender because he had only one of the two predicate felony convictions required by USSG § 4B1.1."); *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1257 (11th Cir. 2013) (Defendant pled guilty to one count of knowingly possessing firearms and ammunition while being a convicted felon, "[i]n violation of [18 U.S.C. §§] 922(g)(1) and 924(e) ); *Mackey v. Warden, FCC Coleman-Medium*, 739 F.3d 657, 658 (11th Cir. 2014) (Defendant pled guilty to on one count of knowingly possessing a firearm and ammunition while being a convicted felon, "in violation of [18 U.S.C. §§] 922(g)(1) and 924(e)[.]").

"When the Supreme Court announces a new rule, 'a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding[.]'" *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1277 (11th Cir. 2013), quoting, *Chaidez v. United States*, 568 U.S. ---, ---, 133 S.Ct. 1103, 1107, 185 L.Ed.2d 149 (2013). Two exceptions to this . . . rule are: 1) new

substantive rules generally apply retroactively in collateral proceedings when the "decisions . . . narrow the scope of a criminal statute by interpreting its terms"; and 2) the decision encompasses "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro v. Summerlin*, 542 U.S. 348, 351-52, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004). "The Supreme Court explained that such substantive rules apply retroactively 'because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him.' *Id*. at 352, 124 S.Ct. at 2522-23 (emphasis added) (internal quotation marks omitted)." *Bryant* 738 F.3d at 1277.

On the other hand, a new rule is procedural when it "regulate[s] only the manner of determining the defendant's culpability." *Schriro*, 542 U.S. at 353, 124 S.Ct. at 2523. New procedural rules "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id*. at 352, 124 S.Ct. at 2523. "New procedural rules will not apply retroactively unless they are 'watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. *Id*. (internal quotation marks omitted); *see also Teague v. Lane*, 489 U.S. 288, 311, 109 S.Ct. 1060, 1076, 103 L.Ed.2d 334 (1989) (plurality opinion)." *Id*.

As previously stated, Petitioner's current incarceration is not the result of any enhancement or conviction to which *Begay* applies. Rather, Petitioner's claims are controlled [by the] Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* established that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. at 2362–63. Subsequently, the 11th Circuit held that in light of *Apprendi*, it is constitutional error to increase a defendant's sentence based on drug quantity beyond the 20-year statutory maximum in 21 U.S.C. § 841(b)(1)(C) unless it is submitted to a jury and proven beyond a reasonable doubt. *United States v. Sanchez*, 269 F.3d 1250, 1270 (11th Cir.2001) (en banc).

Unlike *Begay*, the 11th Circuit has held that the *Apprendi* rule does not apply retroactively to cases on collateral review. *See Dohrmann v. United States*, 442 F.3d 1279, 1281-82 (11th Cir.2006); ("We agree with the holdings of our sister circuits and adopt their reasoning in holding that *Apprendi* does not apply retroactively in the context of a 28 U.S.C. § 2241 petition."); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) ("[W]e hold that the new constitutional rule of criminal procedure announced *in Apprendi* does not apply retroactively on collateral review."). Every courts [sic] of appeals that have considered the issue have held that *Apprendi* is a procedural rule that does not fall within the "watershed" exception, thus it is not retroactively applicable to cases on collateral review. *See, e.g., United States v. Swinton*, 333 F.3d 481 (3d Cir. 2003); *Sepulveda v. United States*, 330 F.3d 55 (1st Cir. 2003); *Coleman v. United States*, 329 F.3d 77 (2d Cir. 2003); *Goode v. United States*, 305 F.3d 378 (6th Cir. 2002);

> *United States v. Brown*, 305 F.3d 304 (5th Cir. 2002); *Curtis v. United States*, 294
> F.3d 841 (7th Cir. 2002); *United States v. Mora*, 293 F.3d 1213 (10th Cir. 2002);
> *United States v. Sanchez-Cervantes*, 282 F.3d 664 (9th Cir. 2002); *McCoy v. United
> States*, 266 F.3d 1245 (11th Cir. 2001); *United States v. Moss*, 252 F.3d 993 (8th
> Cir. 2001); *United States v. Sanders*, 247 F.3d 139 (4th Cir. 2001).

Doc. 46 at 2–6.[4]

Upon review of the pleadings and responses filed by the parties, the undisputed facts related to sentencing, and applicable federal law, the court finds that no evidentiary hearing is required, *see* Rule 8(a), Rules Governing Section 2254 Cases in United States District Courts, and concludes that Iacullo's § 2241 habeas petition is due to be dismissed because the claims presented to the court are not "based upon a retroactively applicable Supreme Court decision" so as to satisfy the "savings clause" of § 2255(e).

## IV.  DISCUSSION

In the instant § 2241 petition, Iacullo challenges imposition of a sentence based upon enhancements and conduct considered by the sentencing court, without the underlying facts having been set forth in the indictment and proven to the jury beyond a reasonable doubt.  Iacullo argues that this caused "a fundamental defect in his sentence/sentencing in that the Sentencing Court erroneously sentenced [him] above the statutory maximum of 240 months" provided in 18 U.S.C. § 841(b)(1)(C), the sentencing provision applicable when no specific amount of drugs is proven at trial. Doc. 1 at 6 (emphasis removed).  In the petition, Iacullo bases his claims on *Alleyne* and *Apprendi*.  It is clear to this court that Iacullo's challenges to the enhancement of his sentence are at their core based on *Apprendi* and its progeny, including *Alleyne*.

---

[4] Similarly, the opinion of the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551, 2555 (2015), holding "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [18 U.S.C. § 924(e)] violates the Constitution's guarantee of due process" because the residual clause is unconstitutionally vague, has no bearing on Iacullo's petition because Iacullo was not sentenced under this Act or the career offender provision of U.S.S.G. § 4B1, which contains a virtually identical residual clause.

"Typically, collateral attacks on the validity of a federal sentence must be brought [by motion] under § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Once a federal prisoner has filed a § 2255 motion, as Iacullo has, he is barred from filing second or successive motions except in two very limited circumstances, neither of which applies here. *See* 28 U.S.C. § 2255(h)(1)-(2) (requiring the court of appeals to certify the existence of either "newly discovered evidence . . . sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense" or a new rule of constitutional law made retroactively applicable by the Supreme Court before a movant can file a second or successive § 2255 petition).  Separately, the savings clause of 28 U.S.C. § 2255(e) permits a federal prisoner to file a habeas petition pursuant to § 2241 if he establishes that the remedy afforded by § 2255 "is inadequate or ineffective to test the legality of his detention." *See Taylor v. Warden FCI Marianna*, 557 F. App'x 911, 913 (11th Cir. 2014); *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003); *Jeffers v. Chandler*, 253 F.3d 827, 830–31 (5th Cir. 2000), *cert. denied*, 534 U.S. 1001 (2001).  "[W]hether the savings clause in § 2255(e) . . . open[s] the portal to a § 2241 petition is a 'threshold' jurisdictional issue that must be decided before delving into the merits of the petitioner's claim and the applicable defenses." *Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013).

The *Bryant* Court undertook an in-depth analysis of each of the Eleventh Circuit's prior savings clause decisions, *Wofford*, *Gilbert II* and *Williams*, in determining precisely "what the statutory terms in § 2255(e)'s savings clause mean and how to read § 2255(e) in a way that does not eviscerate or undermine § 2255(h)'s restrictions on second or successive § 2255 motions but also affords some meaning to the savings clause." *Bryant*, 738 F.3d at 1274.  After thoroughly reviewing the holdings in these three cases, the Court identified five specific requirements a § 2241

11

petitioner must satisfy to proceed under the savings clause of § 2255(e). *Id.* "Those five requirements are: (1) throughout the petitioner's sentencing, direct appeal, and first § 2255 proceeding, this Court's precedent had specifically and squarely foreclosed the claim raised in the § 2241 petition; (2) after the petitioner's first § 2255 proceeding, the Supreme Court overturned that binding precedent; (3) that Supreme Court decision applies retroactively on collateral review; (4) as a result of that Supreme Court decision applying retroactively, the petitioner's current sentence exceeds the statutory maximum; and (5) the savings clause of § 2255(e) reaches his claim." *Jeanty v. Warden, FCI-Miami*, 757 F.3d 1283, 1285 (11th Cir. 2014).

In deciding the instant case, this court need not address all five requirements as Iacullo fails to satisfy the third *Bryant* requirement—that the new rule announced in *Apprendi* and extended in *Alleyne* apply retroactively on collateral review. Specifically, Eleventh Circuit law is well settled that neither *Apprendi* nor *Alleyne* apply retroactively to cases on collateral review.

> First, neither *Alleyne* itself nor any later Supreme Court decision holds that *Alleyne* is retroactive. *See United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014). Second, the *Alleyne* Court explained that its holding was an application of the rule established in *Apprendi v. New Jersey*, *see Alleyne*, 133 S.Ct. at 2163 (applying *Apprendi*, 530 U.S. 466, 120 S.Ct. 2348 (2000)), and we have repeatedly held that *Apprendi*'s rule does not apply retroactively on collateral review. *See, e.g.*, *Dohrmann v. United States*, 442 F.3d 1279, 1281-82 (11th Cir. 2006) (holding that *Apprendi* does not retroactively apply to § 2241 petitions); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (holding that *Apprendi* does not retroactively apply to § 2255 motions). If *Apprendi*'s rule is not retroactive on collateral review, then neither is a decision applying its rule. *See In re Anderson*, 396 F.3d 1336, 1340 (11th Cir. 2005) (explaining that decisions "based on an extension of *Apprendi*" are not retroactive); *see also Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (concluding that *Alleyne* is not retroactive because *Apprendi* is not retroactive). Finally, every one of our sister circuits to consider the issue in a published decision has concluded that *Alleyne* is not retroactively applicable on collateral review. *See United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson*, 721 F.3d at 876.

*Jeanty*, 757 F.3d at 1285–86.

In light of the foregoing, the court concludes that "because his claims are not 'based upon a retroactively applicable Supreme Court decision,' [Iacullo's] petition fails to satisfy the 'savings clause' of § 2255 (e)." *Stevens v. Warden*, 572 F. App'x 731, 734 (11th Cir. 2014); *see Starks v. Warden, FCC Coleman-USP*, 552 F. App'x 869, 872 (11th Cir. 2013) (holding that petitioner, whose conviction for conspiracy to possess cocaine "became final long before *Apprendi* [and] *Alleyne* . . . were decided, cannot now collaterally challenge his conviction [in a § 2241 petition] based on the jury's failure to find drug quantity, because the holding in *Apprendi* does not apply retroactively"); *Jeanty*, 757 F.3d at 1285–86 (holding that petitioner, whose claim rested on *Alleyne*, did not meet the requirement that the new rule announced in *Alleyne* applies retroactively on collateral review, and therefore could not proceed on a § 2241 petition through the portal of § 2255(e)'s savings clause). Where a petitioner fails to affirmatively satisfy each of the five requirements necessary to proceed under the savings clause of § 2255(e), the 28 U.S.C. § 2241 petition is subject to dismissal for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir.), *cert. denied*, 540 U.S. 1085 (2003) (noting that since petitioner could not satisfy the savings clause the district court should have dismissed the petition for lack of jurisdiction rather than denying the petition).

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Dino Iacullo be DISMISSED for lack of jurisdiction and this case be DISMISSED with prejudice.

It is further ORDERED that on or before **September 12, 2016** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive,

or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 22nd day of August, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE